# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION
### www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>YURI SUCRAT<br><br>　　　　　　　　　Debtor. | Case No.  11-19621-BKC-AJC<br><br>(Chapter 7) |

## UNITED STATES TRUSTEE'S STATEMENT
## PURSUANT TO 11 U.S.C. §704(b)(2)

Donald F. Walton, the United States Trustee for Region 21, by and through his undersigned attorney, files this Statement based on 11 U.S.C. §704(b)(2) and respectfully states to the Court as follows:

1.　　This case was commenced by the filing of a voluntary petition under chapter 7 of the United States Bankruptcy Code on April 10, 2011.

2.　　The Debtors is married, and with primarily consumer debts.

3.　　The Section 341 meeting of creditors was set for held and concluded on May 17, 2011.

4.　　On May 26, 2011, the United States Trustee filed a statement pursuant to 11 U.S.C. §704(b)(1) indicating that this case is presumed to be an abuse under section 707(b)(2) of the Bankruptcy Code.

5.　　11 U.S.C. §704(b)(2) provides:

> The United States trustee (or bankruptcy administrator, if any) shall, not later than 30 days after the date of filing a statement under paragraph (1), either file a motion to dismiss or convert under 707(b) or file a statement setting forth the reasons the United States trustee

(or the bankruptcy administrator, if any) does not consider such a motion to be appropriate, if the United States trustee (or the bankruptcy administrator, if any) determines that the debtor's case should be presumed to be an abuse under section 707(b) and the product of the debtor's current monthly income, multiplied by 12 is not less than [the applicable median family income amount].

6. In particular, the United States Trustee contends that the Debtor is not entitled to take deductions on his means test form for obligations associated with property he surrendered in connection with this case and that when these deductions are eliminated from the Debtor's means test the presumption of abuse arises. In the decision of *In re Benedetti*, 372 B.R. 90 (Bankr. S.D. Fla. 2007), this Court ruled that the debtor was entitled to deduct from her current monthly income the average monthly payments on loans secured by collateral she was surrendering. Based on the Court's legal conclusion on this issue, the United States Trustee will not file a motion to dismiss this case based on the presumption of abuse.

Dated: June 27, 2011

                              DONALD F. WALTON
                              United States Trustee

                              /s/ *Johanna P. Armengol*
                              Johanna P. Armengol, Trial Attorney
                              Florida Bar No.: 0140937
                              U.S. Trustee's Office
                              51 SW 1st Ave.
                              Miami, FL 33130
                              Phone: (305) 536-7285
                              Fax: (305) 536-7360
                              johanna.armengol@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of June 2011, a true and correct copy of the **UNITED STATES TRUSTEE'S DECLINATION STATEMENT PURSUANT TO 11 U.S.C. §704(b)(2)** was served to the following, electronically through CM/ECF, on parties having appeared electronically in the instant matter and that a copy hereof shall be served by U.S. Mail, postage prepaid, on parties not appearing electronically:

Jerry A. Borbon, Esq. **        Soneet Kapila, Trustee **


       /s/ *Johanna P. Armengol*
       Johanna P. Armengol