UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

YURI SUCRAT,

Case No. 11-19621-AJC
Chapter 7

Debtor.
_____/

## TRUSTEE KAPILA'S EMERGENCY MOTION TO RATIFY CONSIGNMENT AGREEMENT WITH GOLDIN AUCTIONS, INC.
(Expedited Hearing Requested)

**Reason for Exigency**: Goldin Auction, Inc. is currently in possession of, and marketing for public sale by auction, property of the estate pursuant to a Consignment Agreement dated January 10, 2013. The auction is currently set for April 5, 2013. It is vital to the auction process to have Goldin Auctions, Inc.'s Consignment Agreement ratified as soon as possible to achieve the highest and best value for the property through an uninterrupted auction process. Thus, Trustee Kapila respectfully requests the Court to conduct a hearing on this Motion by no later than March 22, 2013.

Soneet R. Kapila ("**Trustee Kapila**"), the duly appointed, qualified and acting Chapter 7 Trustee for the bankruptcy estate of Yuri Sucrat (the "**Debtor**"), pursuant to 11 U.S.C. § 105(a) and, Fed. R. Bankr. P. 9013, and Local Rule 9013-1 moves ("**Motion**") for entry of an order ratifying the Consignment Agreement, attached as Exhibit "A," with Goldin Auction, Inc. ("**Goldin**"), subject to the conditions and modifications herein, to auction property more fully described below. In support of this Motion, Trustee Kapila states as follows:

1. On April 10, 2011, the Debtor filed a voluntary petition with this Court under Chapter 7 of Tile 11 of the United States Code ("**Bankruptcy Code**") [ECF No. 1]. Trustee Kapila is the duly appointed, qualified and acting Chapter 7 Trustee of the Debtor's bankruptcy estate [ECF No. 2].

1

2.     The Debtor is the owner of a 2009 Yankees World Series championship ring given to him by his cousin, Alex Rodriguez (the "**Ring**"). The Ring is currently in the possession of Goldin pursuant to a Consignment Agreement dated January 8, 2013.

3.     The Consignment Agreement calls for the Ring to be offered for public sale at auction. Trustee Kapila believes that the highest and best value for the Ring will be generated via auction and that an auction is in the best interest of the estate. The auction of the Ring is currently set for April 5, 2013.

4.     Further, the Consignment Agreement sets the compensation of Auctioneer at 10% commission, which will be deducted from the final bid price, and a 10% buyer's premium, which will be paid by the buyer in addition to the final bid price.

5.     Trustee Kapila believes that the Consignment Agreement should be modified to provide that the auction shall not be cancelled without further order of this Court, and that the net proceeds of the auction shall be deposited in Flaster Greenberg's trust account until further order of this court.

6.     Trustee Kapila believes that ratification of the Consignment Agreement with Goldin, subject to the requested modifications, is in the best interest of the estate. Goldin acts as an auctioneer of sports memorabilia and is therefore uniquely qualified to market the Ring due to its familiarity with this type of property.

7.     Upon completion of the auction, Goldin will deliver a report summarizing the results of the auction and stating the fees and expenses which will be paid to Goldin in accordance with the Order approving the retention to Trustee Kapila. The fees and expenses of Goldin will be paid without necessity of further notice or hearing unless any party files an

objection within 14 days from the filing of the report with the court and service of the report on the above parties.

**WHEREFORE**, Trustee Kapila respectfully requests the Court to enter an Order, granting the Motion, ratifying the Consignment Agreement as modified by this Motion, and granting such further relief as the Court deems just and proper.

Dated: March 12, 2013.

                Respectfully submitted,

                STEARNS WEAVER MILLER WEISSLER
                ALHADEFF & SITTERSON, P.A.
                150 West Flagler Street, Suite 2200
                Miami, Florida 33130
                Telephone: (305) 789-3200
                Facsimile: (305) 789-3395

                By: */s/ Eric J. Silver*
                      ERIC J. SILVER
                      Florida Bar No. 057262
                      esilver@stearnsweaver.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Local Bankruptcy Rule 9013-1(C)(3), a true and correct copy of this Motion was served on (i) the Debtor, Yuri Sucrat at 8445 SW 94 St., Miami, FL 33156, (ii) counsel to the Debtor, (iii) the United States Trustee and (iv) parties that have filed appearances in this case, either by Notice of Electronic Filing by CM/ECF to those counsel or parties who are registered to receive Notices of Electronic Filing or by regular U.S. mail, postage fully prepaid to those parties that appear on the attached Service List, on March 14, 2013.

*/s/ Eric J. Silver, Esq.*
ERIC J. SILVER
Florida Bar No. 57262
esilver@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
 ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Suite 2200
Miami, FL  33130
Telephone:  (305) 789-4175
Facsimile:   (305) 789-3395

*Proposed Attorneys for Trustee Kapila*

## SERVICE LIST

Recovery Management Systems Corp.
25 Se 2nd Ave, 31120
Miami, FL 33131

EXHIBIT "A"

01/08/2013 13:14                                                                                      PAGE 01

Name: John Battaglia
Address: 4320 W. Park Rd
Email: johnbattaglia14@aol.com
Phone: 954-548-1564

# goldin auctions

423 Commerce Lane • Suite #4 • West Berlin, NJ 08091 • 856.767.8550

## CONSIGNMENT AGREEMENT

1. This agreement confirms that **John Battaglia** (hereinafter the "consignor") has agreed to consign the memorabilia or collectibles ("Items") listed below, and on subsequent pages, to Goldin Auctions, Inc. ("consignee") to be offered for public sale at auction.

2. Consignor agrees to deliver, or ship, the consigned items to the consignee.

3. Consignor agrees that consignee will be solely responsible for determining final listing and for describing of all items. Consignee will determine the appropriate auction date to offer the consigned items.

4. Consignor agrees to provide as much information as possible regarding consigned items including provenance, COA's and any specific details which may be included in the description of those items.

5. Consignor guarantees to be the sole owner of all consigned items and warrants that they have full and clear title to said items.

6. A commission rate of **10%** will be charged to the consignor. The commission will be deducted from the final bid price (not including the buyers premium).

7. In the event that the consignee does not receive payment for any lots within forty-five (45) days after the close of the auction, the consignee reserves the right to sell the lot to the next underbidder as if such underbidder had been the highest bidder. Consignee also reserves the right to offer the item in a future sale or to return it to the consignor.

8. Proceeds from the sale will be mailed to the consignor within fourteen (14) days after the payment has been received from the buyer, pending the resolution of any claims arising from concerns over authenticity, condition, or ownership.

9. Consignor is responsible for fees related to the authentication and/or grading of material if the consignee believes that said authentication and/or grading is necessary to sell any items. Authentication fees will be deducted from the consignors proceeds. Authentication fees for PSA/DNA items will be at ___% off advertised PSA/DNA price.

10. In the event that consignor wishes to withdraw an item, consignee must be notified in writing prior to the auction catalog going to print. Consignor will be charged for any authentication and/or grading of consigned items being withdrawn. If the catalog has already gone to print, consignor cannot withdraw an item without agreement of consignee, and if agreed a fee of $150 will be paid to consignee.

11. Consignors may not directly or indirectly bid on items that they own.

Consignor Signature: _____    Date: 1-8-2013

Consignee Signature: _____    Date: 1-7-13

# goldinauctions.com

423 Commerce Lane • Suite #4 • West Berlin, NJ 08091 • 856.767.8550

## SCHEDULE A ATTACHED TO GOLDIN AUCTIONS MASTER CONSIGNMENT AGREEMENT

This Schedule A consists of __1__ page(s), including this page. You must initial each page.

DESCRIPTION OF PROPERTY / SALE DATE

1. 2009 World Series Ring with the name Rodriguez
2. on the side. *(TB)*
3. Insured Value $50,000.00 *(TB)*
4. Minimum Bid $25,000.00 *(TB)*
5.
6.
7. reserve net 14,400 to
8. seller
9.
10.
11. –
25.

Additional Comments: