UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

YURI SUCRAT,

        Debtor.

Case No.  11-19621-AJC
Chapter 7

_____/

TRUSTEE KAPILA'S (1) MOTION TO COMPEL TURNOVER AND
(2) LIMITED OBJECTION TO DEBTOR'S MOTION FOR ORDER ON
DOCUMENT NO. 18 (TO AMEND VOLUNTARY PETITION TO CORRECT
DEBTOR'S NAME) AND FOR ISSUANCE OF AMENDED DISCHARGE
IN DEBTOR'S CORRECT NAME [ECF No. 76]

Soneet R. Kapila  ("**Trustee Kapila**"), the duly appointed, qualified and acting Chapter 7 Trustee for the bankruptcy estate of Yuri Sucrat (the "**Debtor**"), pursuant to 11 U.S.C. § 542, and Bankruptcy Rule 9014, files this motion to compel turnover of property (the "**Motion**") and limited objection ("**Limited Objection**") to *Debtor's Motion For Order On Document No. 18 (To Amend Voluntary Petition To Correct Debtor's Name) And For Issuance Of Amended Discharge In Debtor's Correct Name* [ECF No. 76] ("**Amendment Motion**") and states as follows:

I.   JURISDICTION AND VENUE

1.     The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157(a) and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 §§ 1408 and 1409.  The statutory predicate for the relief sought is section 542 of the Bankruptcy Code.

II.   BACKGROUND

1

2.      On April 10, 2011 (the "**Petition Date**"), the Debtor filed a voluntary petition with this Court under Chapter 7 of the Bankruptcy Code.

3.      On April 25, 2011, the Debtor filed its Schedules and Statement of Financial Affairs [ECF No. 12]. On Schedule B, under item No. 7, "furs and jewelry," the Debtor listed "wedding band, necklace/chain, bracelet, watch" with a value of $1,500.00. The Debtor did not disclose a 2009 Yankees World Series Championship ring given to him by his cousin, Alex Rodriguez (the "**Ring**"). Attached as Exhibit "A" is the sworn affidavit ("**Affidavit**") of the Debtor, which sets forth that he acquired the Ring prepetition. Affidavit, at ¶ 3.

4.      On July 20, 2011, the Debtor was granted a discharged pursuant to section 727 of the Bankruptcy Code [ECF No. 50].

5.      On March 14, 2013, Trustee Kapila filed an Emergency Motion to Ratify Consignment Agreement with Goldin Auctions, Inc. [ECF No. 65] ("**Motion to Ratify**").

6.      On March 19, 2013, John Battaglia filed an Emergency Motion to Intervene and Response in Opposition to Trustee Kapila's Emergency Motion to Ratify Consignment Agreement with Goldin Auctions, Inc. [ECF No. 72] ("**Response**"). In his Response, Mr. Battaglia indicates that he acquired the Ring from the Debtor for $10,000.00 (the "**Proceeds**"). Response, at ¶ 2.

7.      Although the Court conducted a hearing on March 20, 2013, on the *Expedited Motion to Withdraw as Counsel* [ECF No. 73] filed by Debtor's attorney, Jerry A. Borbon, and granted his request, Debtor's counsel nonetheless filed the Debtor's Amendment Motion later that same day.

**III.    RELIEF REQUESTED**

8. By this Motion and Limited Objection, Trustee Kapila requests entry of an order (i) compelling the Debtor to turn over the Proceeds to Trustee Kapila pursuant to section 542 of the Bankruptcy Code; and (ii) sustaining Trustee Kapila's Limited Objection to the Amendment Motion.

**IV. BASIS FOR RELIEF**

    **a. Motion for Turnover**

9. Turnover of estate property pursuant to section 542 of the Bankruptcy Code is proper when (i) during the case, (ii) an entity other than a custodian, (iii) was in possession, custody or control, (iv) of property that the trustee could use, sell or lease, and (v) such property is not of inconsequential value or benefit to the estate. *See, e.g., In re Newgent Golf, Inc*., 402 B.R. 424, 435 (Bankr. M.D. Fla. 2009). Here, all of the foregoing elements are satisfied. The Proceeds are property of the estate pursuant to Section 541 of the Bankruptcy Code that are not of inconsequential value. The Debtor is now the party in direct control of the Proceeds. The Debtor should be compelled to turn over the Proceeds to Trustee Kapila for the benefit of the estate.

    **b. Limited Objection**

10. Trustee Kapila does not object to the Debtor's request to amend his petition to correct his misspelled name. However, Trustee Kapila objects to the entry of an amended discharge injunction where Trustee Kapila is seeking revocation of the Debtor's discharge in the pending adversary proceeding before this Court styled *Kapila v. Sucart, et al*., Adv Pro. No. 13-01259 (Bankr. S.D. Fla.).

**WHEREFORE**, Trustee Kapila respectfully requests the Court to enter an Order: (i) granting the Motion; (ii) compelling the Debtor to turn over the Proceeds to Trustee Kapila; (iii)

sustaining Trustee Kapila's Limited Objection to the Amendment Motion [ECF No. 76]; and (iv) granting such further relief as the Court deems just and proper under the circumstances.

Dated: March 21, 2013.

                Respectfully submitted,

                STEARNS WEAVER MILLER WEISSLER
                ALHADEFF & SITTERSON, P.A.
                150 West Flagler Street, Suite 2200
                Miami, Florida 33130
                Telephone: (305) 789-3200
                Facsimile: (305) 789-3395

                By: */s/ Eric J. Silver*
                      ERIC J. SILVER
                      Florida Bar No. 057262
                      esilver@stearnsweaver.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Local Bankruptcy Rule 9013-1(C)(3), a true and correct copy of this Motion was served on (i) the Debtor, Yuri Sucrat at 8445 SW 94 St., Miami, FL 33156, (ii) counsel to the Debtor, (iii) the United States Trustee and (iv) parties that have filed appearances in this case, either by Notice of Electronic Filing by CM/ECF to those counsel or parties who are registered to receive Notices of Electronic Filing or by regular U.S. mail, postage fully prepaid to those parties that appear on the attached Service List, on March 21, 2013.

*/s/ Eric J. Silver, Esq.*
ERIC J. SILVER
Florida Bar No. 57262
esilver@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
 ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Suite 2200
Miami, FL  33130
Telephone:   (305) 789-4175
Facsimile:   (305) 789-3395

*Attorneys for Trustee Kapila*

5

## SERVICE LIST

Recovery Management Systems Corp.
25 Se 2nd Ave, 31120
Miami, FL 33131

#2756219 v1