UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

YURI SUCRAT,

    Debtor.
_____/

Case No.  11-19621-AJC
Chapter 7

SONEET R. KAPILA , as Chapter 7 Trustee,

    Plaintiff,
v.

YURI SUCRAT, individually, and
JOHN BATTAGLIA, individually,

    Defendants.
_____/

Adv. Pro. No.

## MOTION TO COMPEL ALEX RODRIGUEZ
## TO ATTEND DEPOSITION PURSUANT TO SUBPOENA

Soneet R. Kapila ("**Trustee Kapila**"), the duly appointed, qualified and acting Chapter 7 Trustee for the bankruptcy estate of Yuri Sucrat (the "**Debtor**"), by and through his undersigned counsel, and pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rule 9016 of the Federal Rules of Bankruptcy Procedures, moves this Court (the "**Motion**") for entry of an order compelling Alex Rodriguez (the "**Deponent**") to attend his deposition which was set pursuant to a duly served subpoena (the "**Subpoena**") for Wednesday, April 3, 2013.  In support of the Motion, Trustee Kapila represents as follows:

### I. Background Facts

1. On April 10, 2011 (the "**Petition Date**"), the Debtor filed a voluntary petition with this Court under Chapter 7 of the Bankruptcy Code.

2. On March 19, 2013, Trustee Kapila initiated the instant adversary proceeding seeking a determination that an Alex Rodriguez 2009 New York Yankees World Series ring (the "**Ring**") given to the Debtor by Deponent, constitutes property of the Sucrat's bankruptcy estate pursuant to section 541 of the Bankruptcy Code.

3. That same day, Trustee Kapila issued the Subpoena setting Deponent's deposition in this matter for April 3, 2013. *See* ECF No. 5. The Subpoena was duly served on the Deponent. Attached as Exhibit "A" is the Verified Return of Service.

4. On April 3, 2013, Deponent failed to appear. Attached as Exhibit "B" is the Certificate of Non-Appearance evidencing Deponent's failure to appear.

### II. Memorandum of Law

5. Rule 45 of the Federal Rules of Civil Procedure governs subpoenas to non-party witnesses. Subsection 45(e) provides:

> Failure of any person without adequate excuse to obey a subpoena served upon the person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Fed. R. Civ. P. 45(e). A non-party may be found in contempt for disobeying a subpoena or failing to timely file a motion to quash. *Shulton v. Optel*, 126 F.R.D 80, 81 (S.D. Fla. 1989). *See also Lane v. Capital Acquisitions*, No. 04-60602-CIV-SELTZER, 2006 WL 4590706, at *1, (S.D. Fla. Jan. 18, 2006) (a party may file a motion to compel pursuant to Fed. R. Civ. P. 45(e) to

2

hold non-party in contempt for failure to obey a subpoena and to compel its immediate deposition in the court where the subpoena was issued); *Am. Honda Motor, Co. v. Motorcycle Info. Network*, No. 5:04-cv-12-Oc-10GRJ, 2006 WL 1063299, at *1 (M.D. Fla. March 28, 2006)("[t]he only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a non-party for failure to comply with a subpoena is found in Rule 45(e) . . . ."). A party is not required to seek an order from the Court to enforce the subpoena prior to filing a motion for contempt and to compel immediate deposition. *Am. Honda Motor, Co.*, 2006 WL 1063299, at *2. The court in *Am. Honda Motor, Co.* stated "the Eleventh Circuit has found that '[i]f a witness disregards the subpoena and fails to comply without filing a timely motion to quash, the witness may be found in contempt of court, with no need for any further court order.'" *Id.* Alleged deficiencies in a subpoena that would raise objections to the substance or service are waived if not timely raised. *Id.* at *2.

6. In *Shulton*, a non-party failed to attend a deposition set by subpoena and also failed to file a motion to quash or a motion for protective order before the date set for the deposition. *Shulton*, 126 F.R.D. at 81. Ultimately, the court entered an order finding the non-party in contempt for failure to obey the court's subpoena. *Id.*

7. In the present matter, Alex Rodriguez was duly served with a subpoena *duces tecum* for deposition. The subpoena commanded him to produce documents and to appear for deposition in Miami. The deponent has a home in Miami. The deponent failed to produce documents pursuant to the subpoena. Further, the deponent failed to appear for his deposition. The deponent failed to file a motion to quash or a motion for protective order.

3

WHEREFORE, for the foregoing reasons, Trustee Kapila respectfully requests that the Court enter an order: (i) granting the Motion; (ii) finding that any objections to the substance or service of the subpoena have been waived by Deponent; (iii) finding Deponent in contempt of this Court for failing to appear for deposition; (iv) compelling the immediate production of documents; (v) compelling Deponent to appear for deposition; and (vi) granting any further and other relief as the Court deems just and appropriate under the circumstances.

Dated: April 11, 2013.

        Respectfully submitted,

        STEARNS WEAVER MILLER WEISSLER
        ALHADEFF & SITTERSON, P.A.
        150 West Flagler Street, Suite 2200
        Miami, Florida 33130
        Telephone: (305) 789-3200
        Facsimile: (305) 789-3395

        By: */s/ Eric J. Silver*
            ERIC J. SILVER
            Florida Bar No. 057262
            esilver@stearnsweaver.com

        *Counsel for Plaintiff, Trustee Kapila*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, a true and correct copy of this Motion was served on (i) the Debtor, Yuri Sucart at 8445 SW 94 St., Miami, FL 33156, (ii) counsel to the Debtor, (iii) the United States Trustee, (iv) Alex Rodriguez, c/o Roc Nation, 1411 Broadway, 39th Floor, New York, New York  10451 and 4358 North bay Road, Miami Beach, FL  33140 and (v) parties that have filed appearances in this case, either by Notice of Electronic Filing by CM/ECF to those counsel or parties who are registered to receive Notices of Electronic Filing or by regular U.S. mail, postage fully prepaid to those parties that appear on the attached Service List, on April 11, 2013.

        */s/ Eric J. Silver, Esq.*
        ERIC J. SILVER
        Florida Bar No. 57262
        esilver@stearnsweaver.com
        STEARNS WEAVER MILLER WEISSLER
        ALHADEFF & SITTERSON, P.A.
        150 West Flagler Street, Suite 2200
        Miami, FL  33130
        Telephone:   (305) 789-4175
        Facsimile:   (305) 789-3395

        *Attorneys for Trustee Kapila*

**EXHIBIT "A"**

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
## District of New York

Index Number: 11-19621-AJC

Date Filed: _____

Plaintiff:
**SONEET R. KAPILA,**

vs.

Defendant:
**YURI SUCRAT, individually, and JOHN BATTAGLIA, individually,**

For:
Alhadeff & Sitterson, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, FL 33130

Received by PROEDGE GROUP to be served on **Alex Rodriguez, C/O Roc Nation as Agent 1411 Broadway 39th floor, New York, NY 10451.**

I, Amir Levy, being duly sworn, depose and say that on the **29th day of March, 2013 at 10:53 am, I:**

served a **SUITABLE AGE PERSON** by delivering and leaving a true copy of the **SUBPOENA IN ADVERSARY PROCEEDINGS** and $40.00 witness fee with Rita Izevbekheir Authorized Exec Asst To Sports Manager at C/O Roc Nation as Agent 1411 Broadway 39th floor, New York, NY 10451, the said premises being the respondent's place of Work. Deponent completed service by mailing a true copy of the **SUBPOENA IN ADVERSARY PROCEEDINGS** and $40.00 witness fee to the respondent in a postpaid envelope addressed to: C/O Roc Nation as Agent 1411 Broadway 39th floor, New York, NY 10451 and bearing the words "Personal & Confidential" by First Class Mail on 4/5/2013 and placed in an official depository of the U.S.P.S. in the State of New York.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Description** of Person Served: Age: 33, Sex: F, Race/Skin Color: Black, Height: 5'11, Weight: 150, Hair: Black, Glasses: N

I certify that I am over the age of 18, have no interest in the above action. Under penalties of perjury, I declare I have read the foregoing document and the facts stated are true.

Subscribed and Sworn to before me on the ___ day of _____, ____ by the affiant who is personally known to me.

NOTARY PUBLIC

GAIL KAGAN
NOTARY PUBLIC STATE OF NEW YORK
Qualified in Westchester County
Commission Expires June 28, 2015
Reg. #01KA6094470

Amir Levy

PROEDGE GROUP
P.O. Box 527465
Miami, FL 33152
(305) 871-8090

Our Job Serial Number: ATN-2013000385

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



**EXHIBIT "D"**

Page 1

```
 1              UNITED STATES BANKRUPTCY COURT
                SOUTHERN DISTRICT OF FLORIDA
 2

 3   In re:                        Case No:   11-19621-AJC

 4   YURI SUCRAT,

 5        Debtor,
     _____/
 6
     SONNET R. KAPILA,             Adv. Pro. No:  13-01259-AJC
 7   AS CHAPTER 7 TRUSTEE,

 8        Plaintiff,

 9   vs.

10   YURI SUCRAT, individually
     and JOHN BATTAGLIA,
11   individually,

12        Defendant.
     _____/
13

14          CERTIFICATE OF NON-APPEARANCE

15   State of Florida      )

16   County of Miami-Dade  )

17        I, Mary Eagle, a Notary Public in and for the
     State of Florida at Large, do hereby certify that
18   pursuant to notice of taking deposition duces tecum in
     the above-entitled cause, I appeared for the
19   above-referenced deposition at Stearns Weaver Miller
     Weissler Alhadeff & Sitterson, P.A., along with
20   Eric Silver, Esquire at 150 West Flagler Street, Suite
     2200, Miami, Florida on Wednesday, April 3rd, 2013 at
21   10:30 a.m.  I further certify that there was no
     appearance by Alex Rodriguez.
22
          WITNESS my hand and official seal in the City
23   of Miami, Miami-Dade County, Florida, the 5th day of
     April, 2013.
24                                  /s/ Mary Eagle
                                    _____
25        My commission number is:  EE 14379
                    Expires: 10/8/2014
```

ORIGINAL

OUELLETTE & MAULDIN COURT REPORTERS, INC.
(305) 358-8875

```
                                                              Page 1
 1              UNITED STATES BANKRUPTCY COURT
                SOUTHERN DISTRICT OF FLORIDA
 2

 3   In re:                          Case No:   11-19621-AJC

 4   YURI SUCRAT,

 5        Debtor,
     _____/
 6
     SONNET R. KAPILA,               Adv. Pro. No:  13-01259-AJC
 7   AS CHAPTER 7 TRUSTEE,

 8        Plaintiff,

 9   vs.

10   YURI SUCRAT, individually
     and JOHN BATTAGLIA,
11   individually,

12        Defendant.
     _____/
13

14              CERTIFICATE OF NON-APPEARANCE

15   State of Florida      )

16   County of Miami-Dade  )

17        I, Mary Eagle, a Notary Public in and for the
     State of Florida at Large, do hereby certify that
18   pursuant to notice of taking deposition duces tecum in
     the above-entitled cause, I appeared for the
19   above-referenced deposition at Stearns Weaver Miller
     Weissler Alhadeff & Sitterson, P.A., along with
20   Eric Silver, Esquire at 150 West Flagler Street, Suite
     2200, Miami, Florida on Wednesday, April 3rd, 2013 at
21   10:30 a.m.  I further certify that there was no
     appearance by Alex Rodriguez.
22
          WITNESS my hand and official seal in the City
23   of Miami, Miami-Dade County, Florida, the 5th day of
     April, 2013.          /s/ Mary Eagle
24
     _____
25   My commission number is:  EE 14379
              Expires: 10/8/2014
```

CERTIFIED COPY